## Noah Bardwell *et al.* Appellants, *versus* Orange     19
## Bardwell, Executor.

A testator directs that his debts be speedily paid, and gives to his wife one third of his
real estate for her life and one third of his personal estate forevei, and after divers
legacies to be paid in real estate or specific articles, he proceeds, — " To my sons,
&c. I bequeath all my personal estate after deducting what I have given to my wife
and paying my debts, to be equally divided among them." *Held*, that the wife was
entitled to one third of the whole personal property, without first deducting the
amount of the debts.

Noah Bardwell, in his last will, made the following pro-
visions.   " Imprimis, all my debts and funeral charges are to
be punctually and speedily paid, and the legacies hereinafter
bequeathed are to be discharged as soon as circumstances will
permit, and in the manner hereafter directed."   " Item, to my
wife Lucy Bardwell I give and bequeath the use, profit and
benefit of one third part of my real estate for the term of her
natural life, and one third part of my personal estate I give to
said Lucy Bardwell to be at her disposal forever."
　　The testator then gives legacies to his children and grand-
children, saying, in some instances, that the legatee has receiv-
ed the legacy partly in deed of gift and partly in personal estate ;
in others, directing the legacy to be paid in real estate and spe-
cific articles of personal estate.   He then proceeds, — " To
my sons &c. (enumerating all his children and the widows and
heirs of his deceased children) I give and bequeath all my per-
sonal estate after deducting what I have given to my wife Lucy

Bardwell and paying my debts, to be divided equally among them."

The testator then devises the residue of his real estate, including the reversion of his widow's third, to his children and grandchildren.

On the 15th of December, 1829, the judge of probate for the county of Franklin passed a decree allowing an account presented by the executor of the will ; from which decree two of the testator's children appealed, because the judge allowed the executor $292·18 for personal property delivered to the widow, that sum being one third of all the personal estate in the possession of the testator at the time of his decease, without regard to the debts due from the estate, incidental expenses and charges of administration ; whereas, by the will, the widow was only entitled to one third after the payment of those debts, expenses and charges.

In the account the executor is charged with $1064·93, and is credited with $829·71, which sum includes the debts paid and the personal property delivered to the widow. The debts still due are less than $200, and the executor has recovered possession of mortgaged land to the amount of $341·66 and costs.

*Sept. 29th.*    *Wells,* for the appellants. The legacy to the wife was only of one third of the personal property remaining after the payment of debts and charges of administration ; otherwise the real estate might be charged with the debts, to the exemption of the personal estate. Doubtful words are not to be so construed as to produce this effect ; and courts lean against holding legacies to be specific. *Webster* v. *Hale,* 8 Ves. 410 ; *Chaworth* v. *Beech,* 4 Ves. 555 ; *Innes* v. *Johnson,* ibid. 568 ; *Kirby* v. *Potter,* ibid. 748 ; *Seaver* v. *Lewis,* 14 Mass. R. 83 ; *Hays* v. *Jackson,* 6 Mass. R. 151.

The bequest to the wife has none of the characteristics of a specific legacy. No specific article is given, nor does the clause refer at all to the property belonging to the testator at the time of making the will. The fair construction is, that the testator intended to give his wife only what the law would have given her. *Sibley* v. *Perry,* 7 Ves. 522 ; *Purse* v. *Snaplin,*

Bardwell
*v.*
Bardwell.

1 Atk. 417 ; *Walton* v. *Walton*, 7 Johns. Ch. R. 258 ; 4 Bac. Abr. 425, *Legacies. G* ; *Inchiquin* v. *O'Brien*, 1 Wils. 82.

*H. G. Newcomb, contrà.* The legacy at least partakes of the character of a specific legacy. 2 Mad. Ch. Pr. 7, 8 ; *Pitt* v. *Camelford*, 3 Bro. C. C. 160 ; *Selwood* v. *Mildmay*, 3 Ves. 310 ; *Chaworth* v. *Beech*, 4 Ves. 555 ; *Murray* v. *Nisbett*, 5 Ves. 149 ; *Walton* v. *Walton*, 7 Johns. Ch. R. 262 ; *Sayer* v. *Sayer*, 2 Vern. 688 ; *Andrews* v. *Hunneman*, 6 Pick. 126.

But whether it was a specific legacy or not is immaterial, if the intention was to give the wife one third of the personal estate before the payment of the debts, and if such third was not wanted for that purpose. Here two thirds of the personal assets are more than sufficient to pay the debts, and taking the whole instrument together, it is clearly the intention that the wife should have one third free from any deduction. *Annable* v. *Patch*, 3 Pick. 363.

PUTNAM J. delivered the opinion of the Court. Whether the decree of the judge of probate should be affirmed or not, depends upon the true construction of the will, in regard to the appropriation or disposition of the personal estate ; and we are to look into the various provisions of the will to ascertain the intent of the testator. The question is, whether the one third of the personal estate given to the wife is to be taken before the debts shall have been paid, from the whole personal estate, or whether the debts are to be first deducted. If there were no other disposition by the testator, the whole personal estate would be subject to the payment of the debts. But we think that the testator has made a different appropriation. He gave to his wife one third absolutely, and to his children and others all his personal estate, with certain exceptions and deductions ; viz. from that part was to be deducted what he had given to his wife, and also the amount of his debts. The rest was to be equally divided between them. The words *and paying my debts*, are indicative of an intention on the part of the testator, that the legatees should take the bequest upon condition that they would apply the amount of the property given to them, in payment of his just debts, so far as it would extend, before they should take any part of it for their own use.

*Oct. 1st.*

Bardwell
v.
Bardwell.

Now in point of fact, two thirds of the personal estate are suf-
ficient to pay all the debts, without resorting to the one third
given to the wife ; so that there will be something to be divided
among the children and others, to whom the personal property
was given after the payment of the debts.   But if that were
otherwise, and there would be no residuum after payment of
the debts, we think it would make no difference in the decision.
The testator intended to give one third of his personal prop-
erty, without limitation or restriction, to his wife for her own
use ; but the bequest of the residue was subjected to deduc-
tions and charges, as well of his debts as of the third part be-
fore given to his wife.[1]

<em>Decree affirmed.</em>

---

[1] See *Briggs* v. *Hosford*, 22 Pick. 288